DOWNEY BRAND LLP
DALE A. STERN (Bar No. 131108)
JOHN C. MCCARRON (Bar No. 225217)
ELIZABETH B. STALLARD (Bar No. 221445)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:      (916) 444-1000
Facsimile:       (916) 444-2100
dstern@downeybrand.com
jmccarron@downeybrand.com
estallard@downeybrand.com

Attorneys for Plaintiffs/Counter-Defendants
BYLIN HEATING SYSTEMS, INC. and ROOF
ICE MELT SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BYLIN HEATING SYSTEMS, INC., a California corporation, doing business as BYLIN ENGINEERED SYSTEMS, and ROOF ICE MELT SYSTEMS, INCORPORATED, an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THERMAL TECHNOLOGIES, INC., a Utah corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:11-cv-01402-KJM-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTER-CLAIMS | |

Pursuant to Local Rule 141.1, Defendant THERMAL TECHNOLOGIES, INC., a Utah corporation ("THERMAL") and Plaintiffs BYLIN HEATING SYSTEMS, INC., a California corporation, doing business as BYLIN ENGINEERED SYSTEMS ("BYLIN") and ROOF ICE MELT SYSTEMS, INC., an Oregon Corporation ("RIMS") (collectively referred to as the

"Parties"), by and through their respective attorneys of record, stipulate to entry of the following Stipulated Protective Order ("Protective Order") for the production of confidential information and records requested in discovery in this action.

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Pursuant to Local Rule 141.1(c)(3), the need for protection should be addressed by Court order, rather than by private agreement, in order to protect the parties' legitimate interest in the protection of confidential information from disclosure to third parties, disclosure of extremely sensitive information to the parties, and also to avoid the substantially increased costs and burdens of discovery that would result in the absence of an order, including potential discovery disputes and motions that would certainly result in the absence of such an order as the case moves forward.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 5 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

(a) "Party" and/or "Parties" means BYLIN, RIMS and THERMAL, including all of their respective officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

(b) "Counsel" means an attorney retained to represent any Party in this action, and the legal, paralegal, secretarial, technical and/or other assistants that are employed by such Counsel.

(c) "Discovery Material" means any information, document, tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof. **Caveat:** Discovery Material produced prior to the date of this Stipulated Protective Order and Non-Disclosure Agreement is not subject to the instant Protective Order.

(d) "Designating Party" means a Party or Non-Party that designates Discovery Material produced in this action as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

(e) "Producing Party" means a Party or Non-Party that produces or otherwise makes available Discovery Material in this action.

(f) "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

(g) "CONFIDENTIAL INFORMATION" is defined as information that is confidential and/or implicates common law and statutory privacy, proprietary business, commercial, and/or trade secret interests of the Parties as determined in good faith by the attorneys representing the designating Party.

(h) "ATTORNEYS' EYES ONLY INFORMATION" is defined herein as information that is extremely sensitive "CONFIDENTIAL INFORMATION," the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that cannot be avoided by less restrictive means.

(i) "Protected Material" means any Discovery Material and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as "Confidential Information" or "Attorneys' Eyes Only" as set forth herein.

(j) "Expert" or "Experts" means an expert and/or independent consultant actually consulted, retained and/or employed to advise or to assist Counsel in the preparation and/or trial of this action and who is not a Party, or employed by any Party or affiliate of any Party, and its technical, secretarial, and other clerical assistants who are not employed by a Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this action. "Expert" or

"Experts" shall not include any individuals who were, currently are, or may become an employee of any Party or affiliate of any Party.

(k)  "Qualified Recipient" means Party, Counsel, Receiving Party, Expert, Court and its employees, Stenographic Reporters who are engaged in proceedings necessarily incident to the conduct of this action, Mediators and/or Arbitrators, and Professional Vendors.

(l)  "Non-Party" or "Non-Parties" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(m)  "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     DESIGNATION OF PROTECTED MATERIAL**

(a)     Any Discovery Material in this action that is asserted by a Designating Party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by such Designating Party as follows:

1. Each page of each document, the front of each disk, and each object that contains CONFIDENTIAL INFORMATION shall be marked on its face or otherwise marked with the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."
2. In the case of testimony given in deposition, hearing, or in other pretrial or trial proceedings, the Designating Party must identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony.  Transcript pages containing or constituting CONFIDENTIAL INFORMATION shall be separately bound by the certified court reporter and marked "CONFIDENTIAL" on each page.
3. If a Receiving Party wishes to show non-CONFIDENTIAL portions of a document or transcript or thing containing CONFIDENTIAL INFORMATION to a person or party not described below in Section 4(a), it shall first redact all pages designated

1   CONFIDENTIAL.

2   (b) Any Discovery Material in this action that is asserted by a Designating Party to
3   contain or constitute ATTORNEYS' EYES ONLY INFORMATION shall be so designated by
4   such Designating Party as follows:

5      1. Each page of each document, the front of each disk, and each object that contains
6         ATTORNEYS' EYES ONLY information shall be marked on its face or otherwise
7         marked with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY –
8         SUBJECT TO PROTECTIVE ORDER."

9      2. In the case of testimony given in deposition, hearing, or in other pretrial or trial
10         proceedings, the Designating Party must identify on the record, before the close of
11         the deposition, hearing or other proceeding, all protected testimony.  Transcript
12         pages containing or constituting ATTORNEYS' EYES ONLY information shall
13         be separately bound by the certified court reporter and marked "CONFIDENTIAL
14         – FOR ATTORNEYS' EYES ONLY" on each page.

15      3. If a Receiving Party wishes to show non-ATTORNEYS' EYES ONLY portions of
16         a document or transcript or thing containing ATTORNEYS' EYES ONLY
17         information to a person or party not described below in Section 4(b), it shall first
18         redact all pages designated ATTORNEYS' EYES ONLY.

19   (d) If timely corrected, an inadvertent failure to designate qualified information does
20   not, standing alone, waive the Designating Party's right to secure protection under this Protective
21   Order for such material.  Upon timely correction of a designation, the Receiving Party must make
22   reasonable efforts to ensure that such designated information is treated in accordance with the
23   provisions of this Protective Order.

24   **4.** **ACCESS TO PROTECTED MATERIAL**

25   (a) <u>CONFIDENTIAL INFORMATION:</u>  Any CONFIDENTIAL INFORMATION
26   produced in accordance with the provisions of Section 3 above shall be used solely for purposes
27   of the prosecution and defense of this action.  Unless otherwise ordered by the Court or permitted
28   in writing by the Designating Party, a Receiving Party may disclose any information or item

designated CONFIDENTIAL only to:

    (1)    the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this action;

    (2)    the officers, directors, and employees (including in-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action;

    (3)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the Acknowledgement and Agreement (Exhibit A);

    (4)    the Court and its personnel;

    (5)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this action;

    (6)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (7)    the author of the document or the original source of the information.

(b) <u>ATTORNEYS' EYES ONLY Information</u>:  Any ATTORNEYS' EYES ONLY information produced in accordance with the provisions of Section 3 above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, ATTORNEYS' EYES ONLY information may only be disclosed to:

    (1)    the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this action;

    (2)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the Acknowledgement and Agreement (Exhibit A);

    (3)    the Court and its personnel;

1          (4)    court reporters, their staffs, and Professional Vendors to whom disclosure

2  is reasonably necessary for this action;

3          (5)    during their depositions, witnesses in the action to whom disclosure is

4  reasonably necessary and who have signed the "Agreement to Be Bound by Protective

5  Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions

6  that reveal Protected Material must be separately bound by the court reporter and may not

7  be disclosed to anyone except as permitted under this Stipulated Protective Order; and

8          (6)    the author of the document or the original source of the information.

9      (c) <u>Experts</u>.  Subject to the provisions of this Protective Order, all Protected Material may

10  be disclosed to any Expert who has agreed to be bound by this Protective Order after the Expert

11  executes the Acknowledgement and Agreement attached as Appendix A.  Counsel or the Parties

12  need not identify any of their respective Experts, except pursuant to the exchange of information

13  concerning expert witnesses as required by the Federal Rules of Civil Procedure, Local Rules,

14  and/or the Court's orders.  When an Expert is disclosed in accordance with the above-referenced

15  rules, such disclosure shall also include the production of that Expert's signed Acknowledgement

16  and Agreement.

17      (d) <u>Disclosure Pursuant to Consent.</u>  Protected Material also may be disclosed to anyone

18  so authorized by prior written consent of the Designating Party.

19      (e) <u>Witnesses.</u>  If a document or thing designated as CONFIDENTIAL or ATTORNEYS'

20  EYES ONLY refers to the conduct or affairs of a potential witness, Counsel and/or the Parties

21  may discuss such conduct or affairs with the witness, but must do so without revealing the

22  existence, author or source of such document or thing, except as otherwise permitted in Sections

23  4(a) and 4(b).

24      **5.**    **HANDLING OF PROTECTED MATERIAL**

25      (a)    Protected Material must be stored and maintained by a Receiving Party at a

26  location and in a secure manner that ensures that access is limited to the persons authorized under

27  this Order.

28  ////

1  (b) <u>Without written permission from the Designating Party or a court order secured
2  after appropriate notice to all interested persons, a Party may not file in the public record in this
3  action any Protected Material.</u>  A Party that seeks to file under seal any Protected Material must
4  comply with Local Rule 141.  All Protected Material, and any recitations, compilations,
5  summaries or abstracts of Protected Material, may only be filed under seal pursuant to a court
6  order authorizing the sealing of the specific Protected Material at issue.  The Court may, upon a
7  properly noticed motion, make any order necessary for the orderly administration of justice
8  including ordering that the record or portions of the record be unsealed.

9  (c) <u>Hearings.</u>  The Parties, if acting in *pro se,* and/or Counsel shall attempt to agree upon
10 procedures to protect at any hearing or arbitration the confidentiality of Protected Material and
11 shall, prior to such hearing or arbitration, submit such proposed procedures, including any
12 disputes relating thereto, to the arbitrator or the Court for approval or modification.

13 (d) <u>Copies and/or Reproductions.</u>  Subject to Section 4, above, nothing herein shall restrict
14 a Qualified Recipient from making working copies, abstracts, digests and analyses of Protected
15 Material for use in connection with this action and such working copies, abstracts, digests and
16 analyses shall be deemed to have the same level of protection under the terms of this Protective
17 Order.  Further, nothing herein shall restrict a Qualified Recipient from converting or translating
18 such information into machine-readable form for incorporation in a data retrieval system used in
19 connection with this action, provided that access to such information, in whatever form stored or
20 reproduced, shall be limited to Qualified Recipients.

21 (e) <u>Inadvertent Disclosure.</u>  If a Party through inadvertence produces any
22 CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information without
23 labeling or marking or otherwise designating it as such in accordance with the provisions of this
24 Protective Order, the Producing Party may give written notice to the Receiving Party that the
25 document or thing produced is deemed CONFIDENTIAL INFORMATION or ATTORNEYS'
26 EYES ONLY and should be treated as such in accordance with the provisions of this Protective
27 Order.  The Receiving Party must treat such documents or things with the noticed level of
28 protection from the date such notice is received.  Promptly upon providing such notice to the

Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the documents or things that bear the new designation under this Protective Order, at which time the Receiving Party shall return the originally-produced documents and things to the Producing Party. The Receiving Party's disclosure, prior to the receipt of notice from the Producing Party of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.  However, the Receiving Party shall make a good faith effort to immediately retrieve such information from such persons not authorized to receive such information and to obtain an Acknowledgement and Agreement executed by the person to whom the disclosure was made.  If such efforts are unsuccessful, the Receiving Party shall notify the Producing Party of the disclosure and the identity of the person or entity to whom the disclosure was made.

(f) **This Protective Order shall apply to any Non-Party from whom discovery may be sought and allows such a Non-Party to designate Discovery Material and any other information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY.**  A copy of this Stipulated Protective Order and Non-Disclosure Agreement shall be served with any discovery requests propounded to a Non-Party and/or deposition subpoenas (document, personal appearance or both).  A signed Acknowledgement and Agreement (Appendix A) shall be returned with any documents or information produced from any Non-Party.

(g) Deposition Transcripts.  If such designation is not made at the time of the deposition, any transcript containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information shall be designated as containing such information by no later than twenty (20) days after receiving the deposition transcript.  Until this twenty (20) day period lapses, the entirety of the deposition transcript shall be treated by all Parties as ATTORNEYS' EYES ONLY.

**6.      DESIGNATION NOT DETERMINATIVE OF STATUS**

A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The designation or failure to designate material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be determinative of that material's status as Protected Material.  All challenges to the

propriety of a confidentiality designation shall first be made in writing by letter or other document identifying the specific material challenged and served on all Parties.  Within twenty (20) days following the receipt of a written challenge, the Designating Party shall serve on all Parties a written explanation of the basis for such designation.  Thereafter, the Designating Party and the Party challenging the designation shall attempt to resolve such challenge in good faith on an informal basis.

If the dispute cannot be informally resolved, the Party challenging the designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Any document or thing designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

**7.    RIGHT TO FURTHER RELIEF**

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Protective Order.

**8.    RIGHT TO ASSERT OTHER OBJECTIONS**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

**9.    FINAL DISPOSITION**

Within ninety (90) days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party or Non-Party as containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information, and all copies, summaries and abstracts thereof, and shall either (a) return such documents and things to the Producing Party, or (b) destroy the documents and things.  Notwithstanding the foregoing, Counsel shall be entitled to retain a single archival copy of documents that include or are derived

from Protected Material and Counsel and Parties may retain copies of any document containing information designated as "CONFIDENTIAL" that is referred to in any settlement agreement between the Parties.  If a Party elects to destroy any documents or things, a Certificate of Destruction shall be served on all Counsel within ninety (90) days of final termination of the action.

**IT IS SO STIPULATED.**

Dated:  November 13, 2012     LOCKE LORD LLP


By:   /s/     Krista J. Dunzweiler
M. Taylor Florence
Kristin J. Dunzweiler
Attorneys for THERMAL TECHNOLOGIES, INC.

Dated: November 12, 2012     DOWNEY BRAND LLP


By:   /s/     Elizabeth B. Stallard
Dale A. Stern
John C. McCarron
Elizabeth B. Stallard
Attorneys for BYLIN HEATING SYSTEMS, INC. and ROOF ICE MELT SYSTEMS, INC.

**ORDER**

**IT IS SO ORDERED.**

**Date:  11/14/2012**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

*Bylin Heating Systems, et al. v. Thermal Technologies, Inc.*
U.S. District Court – Eastern District of California Case No. 2:11-cv-01402-KJM-KJN

I, _____ declare under penalty of perjury under the laws of the State of California that I have read in its entirety the Protective Order in the above-referenced lawsuit, and agree to adhere to and be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcement of the Protective Order.

Date: _____

_____
Signature

_____
Name

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number