UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYLIN HEATING SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THERMAL TECHNOLOGIES, INC.<br><br>Defendant. | No.  2:11-cv-1402 KJM KJN<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

<u>INTRODUCTION</u>

Presently pending before the court is plaintiffs Bylin Heating Systems, Inc. ("Bylin") and Roof Ice Melt Systems, Inc.'s (collectively, "plaintiffs") motion for entry of a default judgment against defendant Thermal Technologies, Inc. ("TTI" or "defendant").  (ECF No. 73.)  The motion, which was filed on June 12, 2014, was noticed for a hearing on July 10, 2014.  (<u>Id.</u>)

Because TTI failed to file an opposition to the motion at least fourteen (14) days prior to the hearing in accordance with Local Rule 230(c), and because the court finds that oral argument would not be of material assistance in resolving the motion, the court vacates the hearing on the motion.  E.D. Cal. L.R. 230(g); <u>see also</u> E.D. Cal. L.R. 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

After carefully considering the briefing and documentation in support of plaintiffs' motion, the court's record, and the applicable law, the court recommends that plaintiffs' motion be granted, and that a default judgment be entered accordingly.

BACKGROUND

The background facts and procedural history of this case were previously extensively outlined in the court's March 1, 2013 order and findings and recommendations recommending imposition of terminating sanctions against defendant, subsequently adopted by the district judge on June 4, 2013, as well as the court's March 10, 2014 order granting in part plaintiffs' motion for monetary sanctions. (ECF Nos. 57, 59, 67.) The background facts and procedural history are not repeated here in full, but are instead incorporated by reference to those prior orders.

In short, plaintiffs, who engineer and supply commercial and residential winter freeze protection products, primarily claimed that defendant TTI breached a settlement agreement concerning a previous lawsuit for infringement of plaintiffs' patent and trademark rights by manufacturing and selling certain products in violation of the settlement agreement, failing to transfer a specified internet domain name to plaintiffs, and continuing to use that domain name to divert customers from plaintiffs. Defendant denied these allegations and asserted counterclaims for declaratory relief, rescission of the settlement agreement, trade libel, slander of title, defamation, unfair competition, and intentional interference with prospective economic advantage. (See ECF No. 57 at 2-3.)

Ultimately, on June 4, 2013, after finding that TTI failed to comply with its discovery obligations and several court orders, the court granted plaintiffs' motion for discovery sanctions in part, struck TTI's answer and counterclaims, and directed the Clerk of Court to enter TTI's default. (ECF No. 59.) The court noted that plaintiffs had also requested an award of attorneys' fees and costs as monetary sanctions. However, at that time, the court was unable to address the request, because plaintiffs had not submitted any declarations and supporting documentation regarding their fees and costs. Nevertheless, the court permitted plaintiffs "to pursue such a request either as part of any subsequent motion for default judgment or by a separate supported motion, as appropriate." (ECF No. 57 at 14.) That same day, on June 4, 2013, the Clerk of Court

entered TTI's default. (ECF No. 60.)

Thereafter, on December 31, 2013, plaintiffs filed a motion for monetary sanctions pursuant to the court's inherent power in the form of an award of their attorneys' fees and costs, based on TTI's bad faith conduct in the course of the litigation. (ECF No. 64.) On March 10, 2014, after TTI twice failed to oppose the motion, the court granted plaintiffs' motion in part, awarding plaintiffs at total of $32,851.29 in attorneys' fees and costs, imposed as monetary sanctions against TTI. (ECF No. 67.)[1]

Then, on June 12, 2014, plaintiffs filed the instant motion for entry of a default judgment. (ECF No. 73.) The motion was served on TTI by overnight mail. (Id. at 3.) As noted above, TTI failed to oppose the motion or even seek an extension of time to do so.[2]

LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6)

---

[1] The court's reasoning for awarding, and calculation of, the monetary sanctions are outlined in detail in the court's March 10, 2014 order, and are not repeated here. (See ECF No. 67.)

[2] The court's docket shows that some of the court's prior orders served on TTI had been returned as undeliverable. However, it is TTI's duty to keep the court informed of its current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

> whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default conclusively establishes that party's liability, but it does not establish the amount of damages.  Geddes, 559 F.2d at 560.

DISCUSSION

Plaintiffs seek the entry of a default judgment consisting of monetary sanctions in the form of attorneys' fees and costs previously awarded by the court on March 10, 2014.

Appropriateness of the Entry of Default Judgment Under the Eitel Factors

In this case, an evaluation of the Eitel factors supports the entry of a default judgment.

Plaintiffs would be prejudiced if a default judgment were not entered, because, as the court has previously found, plaintiffs are essentially unable to prove their damages in light of TTI's failure to respond to related discovery requests and its abandonment of the action.  As such, the monetary sanctions previously awarded may prove to be the only practical recourse plaintiffs have against TTI.

Furthermore, the court finds that plaintiffs' sole claim for breach of the settlement agreement has merit, because the operative second amended complaint sufficiently alleges that TTI breached the settlement agreement in numerous respects, including by manufacturing and selling certain products in violation of the specifications in the settlement agreement, and by failing to transfer a specified internet domain name to plaintiffs, resulting in damages. (See Second Amended Complaint, ECF No. 15 ["SAC"] ¶¶ 13-24.)

Although the sum of money at stake ($32,851.29 ) is not insignificant, the court has already found that plaintiffs are entitled to such reasonable attorneys' fees and costs based on TTI's bad faith conduct in the course of the litigation. As such, the sum of money at stake here does not militate against the entry of default judgment. Also, because the court may assume the truth of well-pled facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists. Additionally, there is no indication that TTI's default resulted from excusable neglect; in fact, the record speaks to the contrary. The court specifically struck TTI's answer and counterclaims, and directed the Clerk of Court to enter TTI's default, after TTI failed to comply with its discovery obligations and several court orders. TTI has not sought to set aside the entry of default, nor has it opposed the previous motion for monetary sanctions or the instant motion for default judgment.

Finally, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment. Indeed, in this case, TTI's own failure to comply with its discovery obligations, failure to comply with court orders, and general abandonment of this action have made a decision on the merits impossible.

Therefore, upon consideration of all the Eitel factors, the court concludes that plaintiffs are entitled to the entry of default judgment against TTI, and recommends that such a default judgment be entered.

Terms of the Judgment to be Entered

After determining that a party is entitled to the entry of default judgment, the court must determine the terms of the judgment to be entered. In their motion for default judgment, plaintiffs

5

request a default judgment consisting of monetary sanctions in the form of attorneys' fees and costs previously awarded by the court on March 10, 2014, in a total amount of $32,851.29. Having already determined the propriety of that fees and costs award, the court recommends that a default judgment be entered upon the terms proposed by plaintiffs.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The July 10, 2014 hearing on plaintiffs' motion for default judgment is vacated.
2. Within three (3) days after this order and findings and recommendations are filed, plaintiffs shall serve a copy of the findings and recommendations on TTI by mail at its last known address(es), and shall forthwith file proof of such service.

IT IS ALSO HEREBY RECOMMENDED that:

1. Plaintiffs' motion for default judgment (ECF No. 73) be granted.
2. Judgment be entered against defendant TTI, and in favor of plaintiffs, in the amount of $32,851.29.
3. The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 30, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE